[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15733
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00117-CR-T-33-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YILVERT ANGULO CANDELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 1, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Yilvert Angulo Candelo appeals the 108-month sentence imposed following

his guilty plea to two controlled substance offenses.  On review, we conclude that

the district court correctly calculated the sentencing range and that the sentence imposed is reasonable.

In March 2009, the U.S. Coast Guard spotted a go-fast boat with four crew members and no indicia of nationality traveling at a high rate of speed. After the Coast Guard dispatched a helicopter to investigate, the boat stopped and Coast Guard officers observed the boat's crew throwing four or five bales into the water. The crew then jumped overboard as the boat went up in flames. The Coast Guard rescued all four crew members, including Candelo, and recovered one bale of cocaine weighing about twenty kilograms. The rest of the bales were not recovered.

Candelo pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, and possession with intent to distribute five kilograms or more of cocaine while aboard such a vessel, all in violation of 21 U.S.C. § 960(b)(1) and 46 U.S.C. §§ 70503(a) and 70506(a).

In calculating the sentencing range, the probation officer found Candelo responsible for 100 kilograms of cocaine based on 5 bales weighing 20 kilograms each. This yielded a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2). With no enhancements or reductions, and a criminal history category I, the guideline

range was 188 to 235 months' imprisonment. Under 21 U.S.C. § 960(b)(1)(B), the mandatory minimum sentence was 120 months' imprisonment. Candelo objected to the amount of drugs for which he was held responsible, arguing that the range should be based on only one bale of cocaine. He also argued that he was entitled to be sentenced without regard to the mandatory minimum because he met the requirements of the safety-valve provision, U.S.S.G. § 5C1.2. Candelo also challenged the calculation of his guideline range, arguing that he was entitled to a reduction for acceptance of responsibility, § 3E1.1, and for his minor role in the offense, § 3B1.2.

At sentencing, Candelo stipulated to the drug quantity listed in the PSI and the government agreed that Candelo was entitled to acceptance-of-responsibility and safety-valve reductions. This reduced the adjusted offense level to 31, which yielded a guideline range of 108 to 135 months' imprisonment. Candelo urged the court to also apply a minor-role reduction and sentence him to five to seven years' imprisonment based on the sentencing factors in 18 U.S.C. § 3553(a).

The court denied the minor-role reduction, explaining, "while I understand there are higher level individuals involved . . . the fact remains that it takes all of these individuals working together to make it happen. So I do not think that a minor role adjustment is appropriate." After considering the arguments and the

§ 3553(a) sentencing factors, the court sentenced Candelo to 108 months' imprisonment. Candelo now appeals, challenging the denial of the minor-role reduction and the reasonableness of his sentence.

A. Minor-Role Reduction

We review for clear error a district court's determination of a defendant's role in the offense. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).

Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. *Id.* § 3B1.2 comment. (n.5). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. *De Varon*, 175 F.3d at 939.

"Two principles guide the district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). When the relevant conduct attributed to the defendant is the same as his actual conduct, "he cannot

prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." *Id.*; *see also De Varon*, 175 F.3d at 942-43 (concluding that "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs").

As to the second prong, the district court is permitted to "measure the defendant's conduct against that of other participants," but only "where the record evidence is sufficient." *De Varon*, 175 F.3d at 934. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *Id.* at 944.

Here, we conclude that the district court did not clearly err. Candelo was held responsible for the amount of drugs with which he was involved and this was the amount to which he stipulated at sentencing. Because the relevant conduct attributable to Candelo is the same as his actual conduct, Candelo cannot show that he was entitled to a minor-role reduction.

B. Reasonableness

In reviewing the reasonableness of a sentence, we apply an abuse of

discretion standard using a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008). First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.[2] *Id.* at 1190. Then, we look at whether the sentence is substantively unreasonable under the totality of the circumstances. *Id.*

Here, we conclude that the sentence imposed was substantively reasonable. The court considered the guideline range and the need for punishment and deterrence, as well as Candelo's lifetime of poverty and other mitigating factors, and sentenced Candelo at the low end of the guideline range. Notably, this was below the ten-year mandatory minimum because Candelo qualified for the safety-

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2] Candelo challenges the procedural and substantive reasonableness of his sentence. Because we conclude that the district court properly calculated the advisory guideline range, and Candelo has raised no other allegations of procedural error, we need not address the procedural reasonableness any further.

valve protection.  It was also well below the maximum term of life imprisonment. Candelo has offered nothing to show that the sentence imposed was unreasonable. Accordingly, Candelo's sentence is

    **AFFIRMED.**